IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED OPTICAL TRACKING, LLC, | § | Civil Case No. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SHARP CORPORATION and | § | |
| SHARP ELECTRONICS CORPORATION | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Optical Tracking, LLC, by way of its Complaint for Patent Infringement ("Complaint") against Defendants Sharp Corporation ("Sharp Japan") and Sharp Electronics Corporation ("Sharp America"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Advanced Optical Tracking, LLC ("AOT") is a Delaware limited liability company with a place of business at 1220 N. Market Street, Suite 806, Wilmington, Delaware 19801.

3. Upon information and belief, Defendant Sharp Japan is a corporation organized under the laws of Japan, with a principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka, Japan 545-8522.

1

4.      Upon information and belief, Defendant Sharp America is a corporation organized under the laws of New York, with a principal place of business located at 1 Sharp Plaza, Mahwah, New Jersey 07495.  On information and belief, Sharp America is a wholly owned subsidiary of Sharp Japan.

5.      Upon information and belief, Sharp America is registered to do business in Delaware.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

8.      On information and belief, Sharp Japan and Sharp America are subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District, and by virtue of their regularly conducted and systematic business contacts in this State.  As such, Sharp Japan and Sharp America have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities

## THE PATENT-IN-SUIT

9.      On January 24, 2006, U.S. Patent No. 6,990,058 (the "'058 Patent"), entitled "Structure and Method for Storing Data on Optical Disks," was duly and legally issued by the

United States Patent and Trademark Office.  A true and correct copy of the '058 Patent is attached as Exhibit A to this Complaint.

10. AOT is the assignee and owner of the right, title and interest in and to the '058 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,990,058

11. The allegations set forth in the foregoing paragraphs 1 through 10 are hereby realleged and incorporated herein by reference.

## SHARP JAPAN

12. In violation of 35 U.S.C. § 271, Sharp Japan has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States, products that practice the subject matter claimed in one or more claims of the '058 Patent (the "'058 Accused Products"), including but not limited to claim 1, without the authority of AOT.  The '058 Accused Products include, without limitation, Blu-Ray Recordable (BD-R) and Blu-Ray Rewritable (BD-RE) discs, including but not limited to Sharp-branded BD-R discs and BD-RE discs.

13. AOT provided actual notice to Sharp Japan of its infringement of the '058 Patent in a letter sent by certified mail on September 19, 2012.

14. Sharp Japan has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Sharp Japan received the September 19, 2012 letter.

15. Upon information and belief, Sharp Japan has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to

3

infringe, including, but not limited to, Sharp Japan's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Sharp Japan's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Sharp Japan has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Sharp Japan has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Sharp Japan that the '058 Accused Products infringed the '058 Patent.

16.     AOT has been harmed by Sharp Japan's infringing activities.

17.     AOT provided notice of infringement of the '058 Patent to Sharp Japan, but Sharp Japan thereafter continued to infringe the patent.  On information and belief, Sharp Japan's infringement has been and continues to be willful.

## SHARP AMERICA

18.     In violation of 35 U.S.C. § 271, Sharp America has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '058 Patent by making, using, selling and offering for sale in the United States, including in this Judicial District, and importing into the United States without the authority of AOT the '058 Accused Products.

19.     AOT provided actual notice to Sharp America of its infringement of the '058 Patent in a letter sent by certified mail on September 19, 2012.

20.     Sharp America has had actual knowledge of the '058 Patent and its infringement of that patent since at least the date that Sharp America received the September 19, 2012 letter.

21.     Upon information and belief, Sharp America has induced and continues to induce others to infringe at least claim 1 of the '058 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, Sharp America's suppliers, distributors, and resellers of '058 Accused Products whose making, using, selling and offering for sale in the United States, and importing into the United States the '058 Accused Products constitutes direct infringement of at least claim 1 of the '058 Patent.  In particular, Sharp America's actions that aid and abet others to infringe include entering into, performing, and requiring performance under manufacturing, supply, and distribution agreements for the '058 Accused Products.  On information and belief, Sharp America has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Sharp America has had actual knowledge of the '058 Patent and that its acts were inducing others to infringe the '058 Patent since at least the date it received the notice letter from AOT notifying Sharp America that the '058 Accused Products infringed the '058 Patent.

22.     AOT has been harmed by Sharp America's infringing activities.

23.     AOT provided notice of infringement of the '058 Patent to Sharp America, but Sharp America thereafter continued to infringe the patent.  On information and belief, Sharp America's infringement has been and continues to be willful.

## JURY DEMAND

AOT demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** AOT prays for judgment as follows:

a. An adjudication that Sharp Japan and Sharp America have infringed the '058 Patent;

b. An award of damages to be paid by Sharp Japan and Sharp America adequate to compensate AOT for Sharp Japan and Sharp America's past infringement of the '058 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An order that Sharp Japan and Sharp America pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding AOT attorney fees under 35 U.S.C. §285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated: October 5, 2012

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Advanced Optical Tracking, LLC*